NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3229

FRANK W. GIESE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 9, 2005

_____

Before LOURIE, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

Barbara A. Giese, substituted for her deceased husband Frank W. Giese, appeals the April 28, 2005 final order of the Merit Systems Protection Board (Board), Docket No. CH-0831-04-0122-I-1.  The Board affirmed the decision of the Office of Personnel Management (OPM) that Mr. Giese was not eligible to elect an annuity with survivor benefits for his spouse under the Civil Service Retirement System (CSRS) because he delayed such an election.  Because the decision of the Board is in accordance with law and is supported by substantial evidence, this court affirms.

I.

Mr. Giese retired under CSRS from federal service on March 1, 1977. At retirement, he elected a reduced annuity to provide his wife, Mary Giese, with survivor benefits after his death. Mary Giese died in 1982. Mr. Giese's annuity immediately returned to its unreduced rate.

Mr. Giese married Barbara Green on November 6, 1993, but he did not take any formal action regarding the provision of a survivor annuity benefit for his spouse until May 2003, almost ten years after his marriage. At that time, Mr. Giese saw a column about survivor benefits after remarriage in Retirement Life, the magazine of the National Association of Retired Federal Employees (an unofficial organization). At that time Mr. Giese wrote a letter to the magazine requesting help in obtaining survivor benefits. The magazine forwarded the letter to OPM. On September 5, 2003, OPM denied Mr. Giese's election request because he had not filed within two years of his marriage.

After OPM affirmed its initial decision, Mr. Giese appealed to the Board, which affirmed the OPM decision. The Board stated that Mr. Giese had not filed a survivor annuity election for his spouse within two years of his marriage. Moreover, OPM showed that it had provided timely, indeed annual, notice to Mr. Giese advising him of his right to elect a survivor annuity and of the applicable deadline.

II.

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1998). The statutory limits applying to

this case are set out in 5 U.S.C. § 8339(k)(2)(A) (2001):

> An employee or Member, who is unmarried at the time of retiring under a provision of law which permits election of a reduced annuity with a survivor annuity payable to such employee or Member's spouse and who later marries, may irrevocably elect, in a signed writing received in the Office within 2 years after such employee or Member marries or, if later, within 2 years after the death or remarriage of any former spouse of such employee or Member who was entitled to a survivor annuity under section 8341(h) of this title . . . a reduction in the retired employee or Member's current annuity as provided in subsection (j) of this section.

Under this statute, an employee unmarried at the time of retirement has two years to elect a survivor annuity after marrying. Mr. Giese's 2003 request came almost ten years after his marriage, clearly outside of the two-year statutory filing period.

III.

Mr. Giese also does not fall within the exception to the two-year time limit that this court recognizes where OPM has not shown that it notified the annuitant of the annuitant's election rights on an annual basis, as required by Act of July 10, 1978, § 3, Pub.L. No. 95-317, 92 Stat. 382, amended by Reorganization Plan No. 2 of 1978, § 102, 92 Stat. 3783 (codified as amended at 5 U.S.C. § 8339 note (1994) ("Annual Notice to Annuitant of Rights of Election Under Subsecs. (j) and (k)(2) of This Section")). See Schoemakers v. Office of Pers. Mgmt., 180 F.3d 1377, 1380 (Fed. Cir. 1999). In this case OPM established through credible evidence that it is more probable than not that it had provided the annual notice. See Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1561 (Fed. Cir. 1992). Mr. Giese did not claim that he did not receive the notices. Accordingly, the record supports the Board's conclusion that Mr. Giese's situation did not fall within the implied exception to the two-year time limit.

Mrs. Giese, in an affidavit, asserts that Mr. Giese telephoned OPM shortly after their marriage to inquire about benefits upon remarriage, and that OPM said "you are not eligible for survivor annuity." Mrs. Giese offers no other proof of this call. The alleged OPM advice would have been ambiguous in any event, because Mrs. Giese would statutorily not have been eligible for a survivor benefit at that time. See 5 U.S.C. § 8339(j)(5)(C)(ii) ("Such election and reduction shall be effective the first day of the second month after the election is received by the Office, but not less than 9 months after the date of the remarriage"). This court does not find this evidence sufficient to overcome the strict time bars of the statute. See Office Pers. Mgmt. v. Richmond, 496 U.S. 414, 428 (1990) ("It is to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of Government agents or the individual pleas of litigants.").

## CONCLUSION

Because the Board properly decided that Mr. Giese did not elect a survivor annuity within the statutory period, this court affirms.